UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **MARK B. PLATE;**<br>**JOANN O. CHAMBERLIN;**<br>**MICHAEL R. O'KEEFE;**<br>**KEVIN H. SMITH;**<br>**ANTHONY CARUSILLO;**<br>**ANNE WALLACE;** | **COMPLAINT**<br>**Index No.:** 1:23-CV-1539<br>(GTS/ML) |

Plaintiff(s),

-against-

**COUNTY OF ULSTER;**
**ROSEANN DAW, IN HER OFFICIAL CAPACITY AS**
**COMMISSIONER OF FINANCE;**
**TRACEY WILLIAMS, IN HER OFFICIAL**
**CAPACITY AS DIRECTOR FOR ULSTER COUNTY**
**REAL PROPERTY TAX SERVICE AGENCY,**

Defendant(s

---

Plaintiff(s), by and through their attorneys, David M. Giglio & Associates, LLC, , as and for a complaint, allege that:

## JURISDICTION AND VENUE

1.      Plaintiff(s) **MICHAEL R. O'KEEFE** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **ULSTER,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **ULSTER,** State of New York which is situate in the Northern District of New York.

2.      Plaintiff(s) **KEVIN H. SMITH** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **ULSTER,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **ULSTER,** State of New York which is situate in the Northern District of New York.

1

the County of **ULSTER,** State of New York which is situate in the Northern District of New York.

3.      Plaintiff(s) **ANTHONY CARUSILLO** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **ULSTER,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **ULSTER,** State of New York which is situate in the Northern District of New York.

4.      Plaintiff(s) **ANNE WALLACE** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **ULSTER,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **ULSTER,** State of New York which is situate in the Northern District of New York.

5.      Plaintiff(s) **MARK B PLATE** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **ULSTER,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **ULSTER,** State of New York which is situate in the Northern District of New York.

6.      Plaintiff(s)  **JOANN O. CHAMBERLIN**     (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **ULSTER,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **ULSTER,** State of New York which is situate in the Northern District of New York.

7.    The Defendants, **County of ULSTER** and **TRACEY WILLIAMS**, in her official capacity as **DIRECTOR FOR ULSTER COUNTY REAL PROPERTY TAX SERVICE AGENCY** are located within the Northern District of New York; and **ROSEANN DAW**, in her official capacity as **COMMISSIONER OF FINANCE** are located within the Northern District of New York.

8.    Venue is proper in the Northern District of New York since all of the transactions giving rise to the claim occurred within the Northern District.

9.    The plaintiff(s) assert subject matter jurisdiction since these claims are brought pursuant to the United States Constitution 5th, 8th and 14th Amendments as well as 18 USC section 1983.

## GENERAL ALLEGATIONS

10.    Upon information and belief, plaintiff **MICHAEL R. O'KEEFE** owned a property known as 48 Vernooy Drive in the Town of Wawarsing, County of ULSTER which was sold at a ULSTER County tax auction for a sum of $46,000.00 (Forty Six Thousand Dollars) on or about July 21, 2022.

11.    Upon information and belief, at the time of the tax auction **MICHAEL R. O'KEEFE** owed local property taxes in an amount of approximately $5,480.00 (Five Thousand Four Hundred Eighty Dollars) at the time of the tax auction.

12.    Upon information and belief, plaintiff **KEVIN H. SMITH** owned a property known as 67 Milton Turnpike in the Town of Marlborough, County of ULSTER which was sold at a ULSTER County tax auction for a sum of $67,000.00 (Sixty Seven Thousand Dollars) on or about September 9, 2021.

13.     Upon information and belief, at the time of the tax auction **KEVIN H. SMITH** owed local property taxes in an amount of approximately $36,558.00 (Thirty Six Thousand Five Hundred Fifty Eight Dollars) at the time of the tax auction.

14.     Upon information and belief, plaintiff **ANTHONY CARUSILLO AND CARMINE R. CARUSILLO (DECEASED)**, owned a property known as 6 APPLE LANE in the Town of Shawangunk,  County of ULSTER which was sold at a ULSTER County tax auction for a sum of $134,000.00  (One Hundred Thirty Four Thousand Dollars) on or about July 21, 2022.

15.     Upon information and belief, at the time of the tax auction **ANTHONY CARUSILLO** owed local property taxes in an amount of approximately $33,636.00 (Thirty Three Thousand Six Hundred Thirty Six Dollars) at the time of the tax auction.

16.     Upon information and belief, plaintiff **ANNE WALLACE** owned a property known as 1 Penny Place in the Town of Wawarsing, County of ULSTER which was sold at a ULSTER County tax auction for a sum of $103.000.00 (One Hundred Three Thousand Dollars) on or about July 20, 2022.

17.     Upon information and belief, at the time of the tax auction **ANNE WALLACE** owed local property taxes in an amount of approximately $13,390.00 (Thirteen Thousand Three Hundred Ninety Dollars) at the time of the tax auction.

18.     Upon information and belief, plaintiff **MARK B. PLATE AND JOANN O. CHAMBERLIN** owned a property known as TAX MAP 17.1-6-17.112 ON QUACKENBUSH ROAD  in the Town of SAUGERTIES, County of ULSTER which was sold at a ULSTER County tax auction for a sum of $23,200.00 (TWENTY THREE THOUSAND TWO HUNDRED Dollars) on or about October 6, 2021.

19.    Upon information and belief, at the time of the tax auction **MARK B. PLATE AND JOANN O. CHAMBERLIN** owed local property taxes in an amount of approximately $4,000.00 (Four Thousand Dollars) at the time of the tax auction.

## COUNT I

## TAKING OF PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

20.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

21.    Defendants have violated the United States Constitution by taking private property from the plaintiff(s) without a valid public use.

22.    The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

23.    The United States Constitution Fifth Amendment dictates that private property may not be taken "for public use" without just compensation.

24.    Valid public use occurs when the property is taken to satisfy the tax burden associated with the property. Where the excess equity is also seized, there is no longer valid public use within the meaning of the Fifth Amendment to the US Constitution.

25.    The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

26.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **MICHAEL R. O'KEEFE** just compensation, or the equity from the tax auctions.

27.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **KEVIN H. SMITH** just compensation, or the equity from the tax auction.

28.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **ANTHONY CARUSILLO** just compensation, or the equity from the tax auction.

29.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **ANNE WALLACE** just compensation, or the equity from the tax auction.

30.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **MARK B. PLATE AND JOANN O. CHAMBERLIN** just compensation, or the equity from the tax auction.

## COUNT II

### TAKING OF  PRIVATE PROPERTY WITHOUT JUST COMPENSATION

### IN VIOLATION OF THE UNITED STATES CONSTITUTION

31.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

32.    Defendants have violated the Fifth Amendment to the United States Constitution by taking private property from the plaintiff(s) without just compensation.

33.    The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

34.    The United States Constitution Fifth Amendment dictates that private property may not be taken without 'just compensation.'

35.    Just compensation allows the government to retain the monies from the tax auction to satisfy the plaintiffs property tax debts, but does not allow the government to seize any surplus funds from the tax auction.

36.    The amount of the tax auction for 47 Vernooy Drive was greater than the amount **MICHAEL R. O'KEEFE** owed in taxes and associated costs to the local government.

37.    The amount of the tax auction for 67 Milton Turnpike was greater than the amount **KEVIN H. SMITH** owed in taxes and associated costs to the local government.

38.    The amount of the tax auction for 6 Apple Lane was greater than the amount **ANTHONY CARUSILLO** owed in taxes and associated costs to the local government.

39.    The amount of the tax auction for 1 Penny Place was greater than the amount **ANNE WALLACE** owed in taxes and associated costs to the local government.

40.    The amount of the tax auction for TAX MAP 17.1-6-17.112 ON QUACKENBUSH ROAD was greater than the amount **MARK B. PLATE AND JOANN O. CHAMBERLIN** owed in taxes and associated costs to the local government.

41.    The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

42.    42 USC 1983 prevents any person acting under the color of law from depriving any citizen of the United States their constitutional rights as guaranteed under the United States Constitution.

43.    42 USC 1983 thence directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff(s) just compensation, or the equity from the tax auction.

44.    Plaintiff(s) **MICHAEL R. O'KEEFE** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties knows as 47 Vernooy Drive and failed to pay just compensation for the same.

45.    Plaintiff(s) **KEVIN H. SMITH** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in property knows as 67 Milton Turnpike and failed to pay just compensation for the same.

46.    Plaintiff(s) **ANTHONY CARUSILLO** have been injured and damaged by the defendants violation of their Fifth Amendment rights when it seized their equity in property known as 6 Apple Lane and failed to pay just compensation for the same.

47.    Plaintiff(s) **ANNE WALLACE** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized her equity in 1 Penny Lane and failed to pay just compensation for the same.

48.    Plaintiff(s) **MARK B. PLATE AND JOANN O. CHAMBERLIN** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized her equity in TAX MAP 17.1-6-17.112 ON QUACKENBUSH ROAD and failed to pay just compensation for the same.

## COUNT III

## TAKING OF PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE AND IN VIOLATION OF THE FIFTH AMENDMENT TO THE NEW YORK STATE CONSTITUTION

49.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

50.     New York State Constitution Article 1 section 7 provides that private property shall not be taken for public use without just compensation.

51.     Defendants have violated the New York State Constitution by taking private property from the plaintiff(s) without just compensation.

52.     The New York State Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

53.     Valid public use occurs when the property is taken to satisfy the tax burden associated with the property.  Where the excess equity is also seized, there is no longer valid public use within the meaning of the New York State Constitution.

54.     By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s) **MICHAEL R. O'KEEFE** has been damaged and is entitled to relief as a result.

55.     By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **KEVIN H. SMITH**, has been damaged and is entitled to relief as a result.

56.     By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **ANTHONY CARUSILLO**, has been damaged and is entitled to relief as a result.

57.     By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **ANNE WALLACE**, has been damaged and is entitled to relief as a result.

58.     By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **MARK B. PLATE AND JOANN O. CHAMBERLIN**, has been damaged and is entitled to relief as a result.

## COUNT IV

## DEFENDANTS ARE IN VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

59.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

60.     United States Constitution Eighth Amendment provides that excessive fines shall not be imposed upon private citizens.

61.     The defendants have confiscated the entire equity within each of the plaintiff(s) real property.

62.     The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

10

63.     The defendants are not entitled to keep any excess equity after having satisfied the tax debts and associated charges.

64.     By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the the Eighth Amendment to the United States Constitution.

65.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **MICHAEL R. O'KEEFE**, has been damaged and is entitled to relief as a result.

66.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **KEVIN H. SMITH**, has been damaged and is entitled to relief as a result.

67.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **ANTHONY CARUSILLO**, has been damaged and is entitled to relief as a result.

68.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **ANNE WALLACE**, has been damaged and is entitled to relief as a result.

69.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **MARK B. PLATE AND JOANN O. CHAMBERLIN**, has been damaged and is entitled to relief as a result.

## COUNT V

## DEFENDANTS ARE IN VIOLATION OF THE EXCESSIVE FINES CLAUSE

## OF THE NEW YORK STATE CONSTITUTION

70.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

71.    Article 5 Section 1 of the New York State Constitution provides that excessive fines shall not be imposed.

72.    The defendants have confiscated the entire equity within the plaintiff(s) real property.

73.    The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

74.    The defendants are not entitled to keep any excess equity after having satisfied the plaintiff(s) tax debts and associated charges.

75.    By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the New York State Constitution Article 1 Section 5.

76.   By reason of the defendants violation of the plaintiffs rights under the New York State Constitution Article 1 Section 5, the plaintiffs have been damaged and are entitled to relief as a result.

77.   By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution, the plaintiff, **MICHAEL R. O'KEEFE**, has been damaged and is entitled to relief as a result.

78.   By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **KEVIN H. SMITH**, has been damaged and is entitled to relief as a result.

79.   By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **ANTHONY CARUSILLO**, has been damaged and is entitled to relief as a result.

80.   By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **ANNE WALLACE**, has been damaged and is entitled to relief as a result.

81.   By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **MARK B. PLATE AND JOANN O. CHAMBERLIN**, has been damaged and is entitled to relief as a result.

## COUNT VI

### DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED BY THE SEIZURE

### OF PLAINTIFFS EQUITY IN THEIR REAL PROPERTY

82.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

83.    The defendants seized plaintiff(s) property in order to satisfy the plaintiff(s) tax debts on said property.

84.    The defendants sold each of the plaintiffs property in an amount above and beyond the amount that the plaintiff owed the defendants for property tax debts and associated costs.

85.    The defendants have known that the auctions amounts from said tax auctions exceeded the plaintiff(s) obligations to the defendants.

86.    In spite of knowledge that there were surplus funds from said tax auctions, the defendants have confiscated the same, to the detriment of the plaintiffs, and have been unjustly enriched.

87.    It is inequitable for the defendants to retain the equity from each property where the auctions price exceeded the plaintiff(s) tax obligations.

88.    The plaintiffs have no remedy at law except as asserted in this complaint.

89.    The plaintiff, **MICHAEL R. O'KEEFE**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property situate at 47 Vernooy Drive and is entitled to relief as a result.

90.    The plaintiff, **KEVIN H. SMITH**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 67 Milton Turnpike and is entitled to relief as a result.

91.     The plaintiff, **ANTHONY CARUSILLO**,  have been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in their real property situate at 6 Apple Lane and are entitled to relief as a result.

92.     The plaintiff, **ANNE WALLACE**, have been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in their real property situate at 1 Penny Place and are entitled to relief as a result.

93.     The plaintiff, **MARK B. PLATE AND JOANN O. CHAMBERLIN**,  have been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in their real property situate at TAX MAP 17.1-6-17.112 ON QUACKENBUSH ROAD and are entitled to relief as a result.

## COUNT VII

## DEFENDANTS ARE IN VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER THE UNITED STATES CONSTITUTION

94.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

95.     The United States Constitution Fifth Amendment provides that property shall not be taken without due process of law.

96.     The defendants have retained the equity, or surplus proceeds, from tax auctions regarding each of the plaintiffs property.

97.     The defendants have failed to provide a statutory or an administrative process for the plaintiffs to reclaim their equity in their respective properties.

15

98.    The defendants have not offered to return the equity to the plaintiffs after seizing their properties  to satisfy plaintiffs tax obligations.

99.    In fact, the defendants are refusing to return the surplus proceeds to the plaintiffs in spite of plaintiffs demands for the return of the same.

100.    The excess seizure is not rationally related to objective sought to be achieved, namely, the collection of delinquent taxes.

101.    The cause of action is for violation of the United States Constitution is brought under the United States Constitution Fifth and Fourteenth Amendments.

102.    By defendants actions in confiscating the entire equity in the Plaintiff, **MICHAEL R. O'KEEFE** real property at 47 Vernooy Drive,  and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **MICHAEL R. O'KEEFE**, has suffered damages and is entitled to relief.

103.    By defendants actions in confiscating the entire equity in the Plaintiff, **KEVIN H. SMITH** real property at 67 Milton Turnpike,   and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **KEVIN H. SMITH**, has suffered damages and is entitled to relief.

104.    By defendants actions in confiscating the entire equity in the Plaintiff, **ANTHONY CARUSILLO** real property at 6 Apple Lane,   and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiff his equity in his real

16

property, the plaintiff, **ANTHONY CARUSILLO**, have suffered damages and are entitled to relief.

105.    By defendants actions in confiscating the entire equity in the Plaintiff, **ANNE WALLACE** real property at 1 Penny Place,   and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;  and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **ANNE WALLACE**, have suffered damages and are entitled to relief.

106.    By defendants actions in confiscating the entire equity in the Plaintiff, **MARK B. PLATE AND JOANN O. CHAMBERLIN MARK B. PLATE AND JOANN O. CHAMBERLIN** real property at TAX MAP 17.1-6-17.112 ON QUACKENBUSH ROAD, and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **MARK B. PLATE AND JOANN O. CHAMBERLIN**, have suffered damages and are entitled to relief.

## COUNT VIII

## DEFENDANTS ARE IN VIOLATION OF SUBSTANTIVE DUE PROCESS

## UNDER THE NEW YORK STATE CONSTITUTION

107.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

108.    The United States Constitution Fifth Amendment provides that property shall not be taken without due process of law.

17

109.    The defendants have retained the equity, or surplus proceeds, from tax auctions regarding plaintiffs property.

110.    The defendants have failed to provide a statutory or an administrative process for the plaintiffs to reclaim their equity in their respective properties.

111.    The defendants have not offered to return the equity to the plaintiffs after seizing their properties to satisfy plaintiffs tax obligations.

112.    In fact, the defendants are refusing to return the surplus proceeds to the plaintiffs in spite of plaintiffs demands for the return of the same.

113.    The excess seizure is not rationally related to objective sought to be achieved, namely, the collection of delinquent taxes.

114.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs a with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **MICHAEL R. O'KEEFE**, has suffered damages and is entitled to relief.

115.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **KEVIN H. SMITH**, has suffered damages and is entitled to relief.

116.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all

respects to return to the plaintiffs their equity in their real property, the plaintiff, **ANTHONY CARUSILLO**, has suffered damages and is entitled to relief.

117.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **ANNE WALLACE**, has suffered damages and is entitled to relief.

118.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **MARK B. PLATE AND JOANN O. CHAMBERLIN** , has suffered damages and is entitled to relief.

**WHEREFORE,** plaintiff, **MICHAEL R. O'KEEFE**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff, **KEVIN H. SMITH**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

WHEREFORE, plaintiff, **ANTHONY CARUSILLO**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

WHEREFORE, plaintiff, **ANNE WALLACE**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

WHEREFORE, plaintiff, **JOANN O. CHAMBERLIN**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

WHEREFORE, plaintiff, **MARK B. PLATE**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

DATED 12/4/2023

DAVID M. GIGLIO & ASSOCIATES, LLC

By: _____

David M. Giglio & Associates, LLC
David M. Giglio
Attorneys for plaintiff(s)
13 Hopper Street
Utica, NY 13501
Tel. (315) 797-2854

20